UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD GILLIS, | ) | 1:09-CV-01500 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS |
| | ) | [Doc. #12] |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION AND |
| | ) | DIRECTING CLERK OF COURT TO ENTER |
| JOHN D. HAVILAND, Warden, | ) | JUDGMENT |
| | ) | |
| Respondent. | ) | ORDER DECLINING ISSUANCE OF |
| | ) | CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have voluntarily consented to exercise of Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

**BACKGROUND**

    Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by plea of no contest on March 16, 2006, to robbery in the first degree. (LD 1.[1]) He was also convicted of petty theft with a prior in a separate case. (LD 1.) He was sentenced to serve a determinate term of 9 years in state prison on the robbery count and 8 months on the petty theft count. (LD 1.) On

---

[1] "LD" refers to the documents lodged by Respondent with his motion to dismiss.

1   August 3, 2006, the superior court recalled the sentence in the petty theft case, and on August 9,
2   2006, the sentence of 9 years on the robbery count was reinstated. (LD 2-5.)
3        On August 31, 2006, Petitioner filed in the California Court of Appeal, Fifth Appellate
4   District (hereinafter "Fifth DCA"), a notice of appeal "from the judgments/sentences by this court
5   entered on the 9th day of August, 2006." (LD 6.) Petitioner then filed an appellant's opening brief in
6   which he attempted to include issues concerning his March 16, 2006, judgment with issues
7   concerning the August 9, 2006, order. (LD 7.) On September 28, 2007, the Fifth DCA dismissed the
8   appeal for untimeliness because the time for filing a notice of appeal concerning the March 16, 2006,
9   had passed.

     Petitioner then filed four post-conviction collateral challenges with respect to the judgment in the state courts, all petitions for writ of habeas corpus, as follows:

1.  Stanislaus County Superior Court
    Filed: November 27, 2007[2];
    Denied: May 9, 2008;

2.  California Court of Appeals, Fifth Appellate District
    Filed: June 17, 2008;
    Denied: December 30, 2008;

3.  California Supreme Court
    Filed: January 19, 2009;
    Denied: June 24, 2009.

4.  Stanislaus County Superior Court[3]
    Filed: January 19, 2009;
    Denied: March 10, 2009.

(LD 9-16.)

     On August 13, 2009, Petitioner filed the instant federal petition for writ of habeas corpus. On November 2, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not oppose the motion.

---

[2] Pursuant to the mailbox rule set forth in Houston v. Lack, the Court deems the several habeas petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for mailing, as opposed to the date of their receipt by the court clerk. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), *citing* Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).

[3] This petition actually was a courtesy copy of Petitioner's third state habeas petition which Petitioner had provided to the Stanislaus County Superior Court and which was erroneously filed as an original petition. The petition was denied for the same reasons the court had denied the earlier petition.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on August 13, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

  (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. Here, judgment was rendered on March 16, 2006, and Petitioner did not timely file an appeal. Pursuant to Rule 8.308 of the California Rules of Court, Petitioner had sixty (60) days in which to file a notice of appeal. Accordingly, his direct review concluded on May 15, 2006, when the sixty-day period for filing a notice of appeal expired. Thus, Petitioner had one year until May 15, 2007, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). However, Petitioner delayed filing the instant petition until August 13, 2009, over two years beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

1  state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
2  1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year
3  statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction
4  petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544
5  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by
6  the federal courts to have been untimely in state court will not satisfy the requirements for statutory
7  tolling. Id.

8  In this case, the statute of limitations began to run on May 16, 2006, and expired on May 15,
9  2007. Petitioner did not file his first state habeas petition until November 27, 2007, which was after
10 the limitations period had already expired. Since the limitations period had already expired, the
11 superior court petition and the two subsequent petitions could not serve to toll the period. Jiminez v.
12 Rice, 276 F.3d 478, 482 (9th Cir.2001). Accordingly, the instant federal petition is untimely.

13 D.  Equitable Tolling

14 The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
15 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
16 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
17 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
18 *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
19 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
20 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
21 (9th Cir.1993). In this case, the Court finds no reason to equitably toll the limitations period. Thus,
22 the instant petition remains untimely.

23 E.  Certificate of Appealability

24 A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a
25 district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-
26 El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue
27 a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:
28     (a) In a habeas corpus proceeding or a proceeding under section 2255 before a

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

///

///

///

///

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss the petition is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED with prejudice for violating the state of limitations;

3. The Clerk of Court is DIRECTED to enter judgment; and

4. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   **December 23, 2009**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE