UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GILLIS, ) | 1:09-CV-01500 GSA HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION FOR RECONSIDERATION |
| v. ) | AND MOTION FOR APPOINTMENT OF |
| ) | COUNSEL |
| JOHN D. HAVILAND, Warden, ) | |
| ) | [Doc. #17] |
| Respondent. ) | |
| ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties voluntarily consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

On December 23, 2009, the undersigned issued an order granting Respondent's motion to dismiss for violating the statute of limitations. The petition was dismissed with prejudice and judgment was entered that same date.

On January 25, 2010, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Petitioner argues his untimeliness should be excused because he is actually innocent as he was given an illegal sentence. He claims he should have received a sentence of six years rather than nine, because the upper term for his robbery conviction was only six years. The Supreme Court has not held that the Constitution requires an actual innocence exception to the statute of limitations. Even if it did, Petitioner does not meet the standard. First, Petitioner has not acted with reasonable diligence. He was sentenced on March 16, 2006. (LD[1] 1.) However, he did not seek redress for the purported illegal sentence until November 27, 2007. This lengthy delay does not reflect diligence. Moreover, Petitioner's claims do not meet the actual innocence exception. In Schlup v. Delo, 513 U.S. 298, 327 (1995), the Supreme Court held, in the procedural default context, that the "actual innocence" gateway is satisfied where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In this case, Petitioner is contesting his sentence; he does not argue that he is innocent of having committed the robbery. Therefore, the actual innocence exception, if it exists, is unavailing.

In a separate argument, Petitioner claims the Court should equitably toll the limitations period because he is indigent and lacks legal knowledge and training. The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v.

---

[1]"LD" refers to the documents lodged by Respondent with his motion to dismiss.

1 United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Here, Petitioner fails to demonstrate that he has been acting diligently. He also fails to show that some extraordinary circumstance stood in his way. His claims of being indigent and lacking legal knowledge and training are not extraordinary as most inmates share these circumstances. Petitioner's arguments present no basis for relief. Therefore, the Motion for Reconsideration is DENIED.

Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1) Petitioner's Motion for Reconsideration is DENIED; and

2) Petitioner's Motion for Appointment of Counsel is DENIED.


IT IS SO ORDERED.

**Dated:** **February 17, 2010**        /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE